## STATE *vs.* HENRY C. STANTON.

A complaint charged the defendant in one count with keeping for-sale intoxicating liquors adulterated with poisonous ingredients, and in another with keeping for sale a spirituous liquor compounded in imitation of Port wine and adulterated with poisonous ingredients, in violation of the 46th section of the statute concerning spirituous liquors (Gen. Stat , tit. 63.) Held—1. That the testimony of a witness that he had asked the defendant to give up the sale of liquor and that he had refused to do so, was admissible as going to show that the liquors kept by the defendant were kept for sale. 2. That evidence that men and boys had frequently been seen going into the defendant's store and coming out intoxicated, also that there were decanters upon the shelves of the store, also that persons had been seen standing at the counter as if drinking, was in each case admissible as tending to prove that liquors were kept and sold there.

The defendant requested the court to charge the jury that unless they found that he kept a pure intoxicating liquor which had been adulterated with poisonous ingredients he must be acquitted. Held not entitled to consideration, because it asked for the entire acquittal of the defendant upon a failure to sustain the first count merely.

The section referred to was intended to reach spirituous liquors containing deleterious and poisonous ingredients and prevent the sale of them, whether those ingredients were added to pure liquor, or were used in compounding an imitation, or were added to the imitation.

It is not necessary to a conviction that it should be proved that the defendant knew that the liquors were adulterated. Where a person is knowingly engaged in a criminal act and commits a greater offense than the one intended, proof of an intent to commit the greater offense is not essential to a conviction for that offense; and this rule applies not merely to crimes which are *mala in se*, but to those which are only *mala prohibita*.

GRANDJUROR'S complaint to a justice of the peace, for keeping for sale intoxicating and adulterated liquors in violation of the act concerning spirituous liquors, (Gen. Stat., tit. 63, sec. 46 ;) appealed by the defendant to the Superior Court in New London County, and tried to the jury upon the plea of not guilty before *Park, J.* The complaint was as follows :

" That on the 7th day of February, 1870, at said town of Stonington, Henry C. Stanton, of said Stonington, did keep for sale intoxicating liquors, which were at said time adulterated with deleterious ingredients, against the peace, and contrary to the form of the statute in such case provided.

"And said grandjuror further complains that the said Henry C. Stanton, on the 7th day of February, 1870, at said town of Stonington, did keep other spirituous liquor for sale, to wit, a quantity of spirituous liquor made and compounded in imitation of the liquor known as Port wine, and which was at said time adulterated with poisonous ingredients, against the peace, and contrary to the form of the statute in such case made and provided."

The jury found the defendant guilty and he moved for a new trial. The points made in the motion are sufficiently stated in the opinion.

*Wait* and *Pratt*, in support of the motion.

*Chadwick*, State Attorney, contra.

BUTLER, C. J. The points made in this case will be considered in their order on the record.

1. There was no error in the admission of the testimony of Charles T. Stanton, that he had called on the defendant and asked him to give up the sale of liquor and that he had refused to do so. His testimony tended to show an admission of the defendant that he kept liquors for sale in his establishment. Adulterated liquors were found there as part of the stock. The two facts in connection were proper evidence for the jury to receive and weigh, in determining the question whether the adulterated liquors were or were not kept there for sale.

State *v.* Stanton.

2. The testimony of the witnesses to the effect that men and boys, and a great many, had frequently been seen going into the defendant's store and coming out much intoxicated, and also that there were decanters on the shelves, and that people had been noticed standing at the counter as if drinking, was also admissible as tending to prove that liquors were kept and sold there. That was one of the facts which it was proper and competent for the state to prove by any circumstances from which an inference of the fact could be drawn. The circumstances which the state offered to prove were such as ordinarily and notoriously indicate the fact sought to be proven. It cannot with truth be said that they did not tend to prove it.

3. The defendant requested the court to charge in substance, that unless the jury found that the defendant kept a pure, intoxicating liquor which had been adulterated with deleterious ingredients, the defendant must be acquitted. This request was objectionable because it asked the court to charge the jury that the defendant must be acquitted if he was not found guilty of the offence charged in the first count of the information. The information contained two counts for two different offences, and as the defendant's counsel, in substance, asked the court to charge that the defendant was entitled to an acquittal if the offence charged in the first count was not sustained, the request asked too much and was therefore improper. The court would have been justified in disregarding it entirely. But the court did charge in substantial compliance with the request, and the prisoner was acquitted on the first count. On this point the prisoner has no ground for complaint.

4. The prisoner's counsel further requested the court to charge the jury, that if they found the liquor seized and called Port wine to be a combination of ingredients an imitation of that liquor, and that after the imitation was compounded nothing further was added to adulterate the compound, the prisoner must be acquitted. The court did not so charge, but did charge that if the liquor was a factitious, intoxicating compound, made in imitation of the liquor specified, and contained an admixture of ingredients which were

State v. Stanton.

deleterious or poisonous, it was within the description of the second branch of the statute. The court gave a correct construction to the statute. The legislature intended to reach spirituous liquors composed of deleterious and poisonous ingredients, and prevent the sale of them, whether those ingredients were added to pure liquor or were used in compounding an imitation, or were added to the imitation. The language of the statute is sufficiently clear and comprehensive to embrace them all. There is no error in the disposition made of that request.

5. The defendant further asked the court to charge that it was not sufficient to prove that liquors were kept for sale, but that the jury must find that the identical liquors which the state claimed to have been kept for sale, were in fact so kept. The court did charge in conformity with that request.

6. The defendant still further requested the court to instruct the jury that the offence charged involved a criminal intent, and that unless the prisoner knew that the liquors were adulterated there could be no such intent and he could not be convicted. The court charged that in general a criminal intent was the essence of crime, and where knowledge was essential to the criminal intent there knowledge must be proved. But it was not always essential. Where a man was knowingly engaged in a criminal act, and unintentionally committed a greater offence than the one intended, proof of an intent was not essential to a conviction for the latter crime. We perceive no error in this part of the charge. The defendant claims that the proposition of the court, though correct when applied to crimes which are *mala in se*, is not correct when applied to crimes which are *mala prohibita*. We do not recognize the distinction as law. The cases cited by the defendant's counsel are all cases where the prisoner was engaged in doing a lawful act and the offence was committed through carelessness.

A new trial is not advised.

In this opinion the other judges concurred; except PARK, J., who having tried the case in the court below did not sit.