GEORGE R. HARRIS *vs.* PATRICK H. FITZGERALD.

Second Judicial District, Norwich, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A mere bookkeeper and timekeeper for a railroad contractor has no implied authority to employ a surgeon, at his master's expense, to attend one of his laborers who is injured while at work; nor has the contractor's superintendent and general manager any such authority, if his duties are restricted to figuring on contracts and to seeing that the work contracted for is carried on diligently and in a proper manner.

Harris *v.* Fitzgerald.

It is within the discretion of the court to admit the declarations of an
alleged agent before the agency is established.

A witness, in stating that it is his "impression," or that he "thinks,"
it was John Doe who made the remark which he overheard, is in
reality testifying to a matter of fact and not opinion.

Argued April 30th—decided June 11th, 1902.

ACTION to recover for medical care and treatment of an
injured employee of the defendant, brought before a justice
of the peace and thence by the defendant's appeal to the
Court of Common Pleas in New London County, and tried
to the jury before *Noyes, J.;* verdict and judgment for the
plaintiff for $15 damages, and appeal by the defendant for
alleged errors in the rulings and charge of the court. *Error
and new trial granted.*

The case is sufficiently stated in the opinion.

*Joseph T. Fanning,* for the appellant (defendant).

*Donald G. Perkins,* for the appellee (plaintiff).

TORRANCE, C. J. The services for which the plaintiff
seeks to recover were rendered, not to the defendant, but to
a workman of his, and the main point in dispute in the trial
below was whether the defendant had authorized the em-
ployment of the plaintiff.

The plaintiff claimed to have proved the following facts:
In July, 1899, the defendant, a contractor engaged in con-
structing the roadbed of a street railway in Montville, had
in his employ a large number of laborers, and one of them
was injured while at work and was in need of surgical at-
tendance. In said work the defendant employed his two
sons, James and Jeremiah, both of full age. James was
bookkeeper and timekeeper, and Jeremiah was superintendent
and general manager in charge of the men on the day of the
injury. On that day the plaintiff, a surgeon in Norwich,
received a call by telephone to attend the laborer who was
hurt. He went to Montville and on the way met one Rollins
with the injured man in a wagon. The man was carried to
Rollins's store, near the place of the accident, where the

plaintiff dressed his hand, and subsequently treated him several times in Norwich. The plaintiff also claimed to have proved " that one of the defendant's sons, either Jeremiah or James Fitzgerald, told Mr. Rollins, who has since died, to take the injured man to the doctor." The plaintiff rendered a bill for said services to the defendant, who, although not paying the bill, never notified the plaintiff that he disclaimed responsibility.

The defendant claimed to have proved these facts: The defendant did not know of the injury to the workman, never authorized the plaintiff to attend him, and never authorized any person to procure surgical or medical aid for this or any other workman; also that Jeremiah's duties were exclusively to figure on contracts and to see that the work contracted for was carried on diligently and in a proper manner, and that James's only duties were to keep the men's time and his father's books.

The evidence left it doubtful which of the sons, if either, employed the physician. The most the plaintiff claimed on this point was that one or the other told Rollins to take the man to the doctor.

It was not claimed that the defendant personally engaged the plaintiff to attend to the workman, nor was it claimed, and there was no proof, that either James or Jeremiah had express authority to employ a physician in such cases; so that the vital question in the case was, as the court told the jury, whether the employment of the plaintiff was in the general line of the duties of either of the sons.

Upon this question the court charged the jury as follows: " The testimony concerning James . . . is that he was bookkeeper and timekeeper, and it is for you to determine whether the employment of a physician for the rendering of medical services . . . to an injured employee comes within the line of the duties of a bookkeeper and timekeeper. If you find that Jeremiah gave the direction . . . then it is proper for you to consider whether he, from the general scope of his employment, was authorized to employ a physician. Of course, if that was one of the things apparently within the line of such employment, why then the defendant would be

Harris *v*. Fitzgerald.

liable for the acts of his agent even if he did not confer such express power upon him."

This charge was not adapted to guide the jury aright in dealing with the practically undisputed evidence on this part of the case. The jury should have been told that James, as mere bookkeeper and timekeeper, had no implied authority from his father to employ the physician in this case. The jury may have found that James, and not Jeremiah, employed the plaintiff, and if so the jury were misled by the charge upon a vital point in the case.

We also think that the charge with respect to Jeremiah was wrong. The jury should have been told that if they found the facts with reference to his employment in his father's service, to be as the defendant claimed, that Jeremiah had no implied authority from his father to employ the plaintiff. Nothing in other parts of the charge modifies or lessens the effect of these erroneous instructions.

A witness for the plaintiff, unable to state which of the sons of the defendant told Rollins to take the injured man to the doctor, was asked this question in effect, with reference to that matter : " Now what did either James or Jeremiah say?" The court admitted the answer to this question upon plaintiff's counsel saying he would show that both were agents of the defendant in saying what was then said. The defendant objected to this ruling and complains of it now.

This was a matter within the discretion of the court, and its discretion was properly exercised.

Another witness for the plaintiff, when asked which of the sons told Rollins to take the injured man to the doctor, answered: " My impression is that it was Jerry ; . . . that is what I think."

The defendant objected to the evidence and complains of the ruling here, but we think without reason. The witness was really, so far as the record discloses, testifying to the fact, not to an opinion, and was entitled to give his evidence in this form if he could not do better.

There is error and a new trial is granted.

In this opinion the other judges concurred.