VIRGINIA MARTINOTTI *v.* LOUIS CONSOLINI ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 18-6308-1069

Argued February 8—decided April 8, 1965

*Robert J. Sullivan,* of Torrington, for the appellants (defendants).

*William B. Fitzgerald, Jr.,* of Waterbury, for the appellee (plaintiff).

LEVINE, J. The plaintiff brought this action to recover for damage to her automobile sustained in a collision with a car owned by the defendant Louis Consolini and operated by the defendant Robert Consolini. From a judgment for the plaintiff the defendants have appealed, assigning error in the failure to correct the finding and in the court's conclusions.

The finding, with such corrections as the defendants are entitled to, discloses the following facts: On August 11, 1962, at about 6:30 p.m., Peter Martinotti was operating the plaintiff's car in a westerly direction on the Winsted to Torrington road, also known as Connecticut route 8. Robert Consolini was proceeding in the same direction and to the rear of the Martinotti car. Route 8 is a two-lane macadam highway; the day was clear and the road dry. The plaintiff's car was traveling at the posted speed of forty miles per hour and was struck in the rear, while moving, by the Consolini car, which was exceeding the posted speed limit while attempting to pass the plaintiff's car. The Martinotti car, which sustained damage to its rear end, stopped 100 feet from the point of impact, and the Consolini car stopped 400 to 500 feet from the same point. There was no traffic in the opposite or easterly direction. The defendant Robert Consolini had been drinking beer prior to the accident. The court concluded that Robert Consolini was exceeding the posted speed limit, that he was following the Martinotti car too closely, that he did not have his car under proper control, and that his speed, combined with lack of control, was the proximate cause of the accident.

The finding may be corrected only after examination of the evidence presented in the motion to correct has disclosed "that relevant and material facts have been found without evidence, or that such facts

were admitted or undisputed and have not been found, or that facts have been found in language of doubtful meaning." Practice Book § 985; Maltbie, Conn. App. Proc. § 155. Our examination of the evidence discloses that the first five paragraphs of the motion to strike are not substantiated since there was evidence, which could be believed by the court, to sustain the findings attacked. The defendants' objections to the facts found have to do with the finding of a posted speed limit. The testimony of the plaintiff was that it was "probably" forty miles per hour. "It is for the trier to pass upon the credibility of witnesses." *Broderick* v. *Shea,* 143 Conn. 590, 592. It is for the trier to determine the weight to be given to the evidence. We can only decide whether there was evidence which the court could reasonably have believed and from which it could have found the subordinate facts. The defendants' objection is to the testimony which incorporates the word "probably." In *Harris* v. *Fitzgerald,* 75 Conn. 72, 75, the witness testified: "My impression is . . . that is what I think." The court held: "The witness was really, so far as the record discloses, testifying to the fact, not to an opinion, and was entitled to give his evidence in this form if he could not do better." See also *Clinton* v. *Howard,* 42 Conn. 294, 309, in which the answers of the witness using the words "I think" were held admissible. The court, having observed the witness Martinotti and his demeanor on the stand, was in a position to determine the weight and credibility to give his testimony. The fact that the witness used the word "probably" did not make the testimony objectionable or incredible, nor did it impair its value as factual evidence which the court could accept. The court was correct in denying the motion to strike.

The fourth paragraph of the motion to strike was abandoned by the defendants at the argument before

this court. The sixth paragraph of the motion to correct should have been granted and paragraph sixteen of the finding stricken, since the fact found is not relevant. However, the defendants gain no advantage by the striking of paragraph sixteen.

The remaining allegation of error is addressed to the conclusions reached by the court. The conclusions must be tested by the subordinate facts and if legally and logically correct must stand. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692. The court concluded that the defendant Robert Consolini was exceeding the posted speed limit. The subordinate facts found state that the posted speed limit was forty miles per hour and that at the time of the collision the plaintiff's car was going forty miles per hour and the defendant was attempting to pass it. The court is entitled to draw inferences from the facts found. It could reasonably infer that the Consolini car would have to exceed forty miles per hour to pass a car proceeding at that speed. The court properly concluded that the defendant Robert Consolini was following too closely. The finding indicates that the plaintiff's automobile was struck in the rear while moving. It would be difficult to explain how the defendant Robert Consolini was not following too closely, and the court was correct in inferring that he was closer than was reasonable and prudent. See *State* v. *Donnelly,* 124 Conn. 661; *State* v. *Stanton,* 37 Conn. 421. With respect to the remaining conclusions, the subordinate facts sustain them and the court was correct in so concluding.

"It is true that a plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might

have been negligent in a manner which would, or might have been, a proximate cause of the collision. A plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation. Illustrations of the application of these principles may be found in cases such as *Palmieri* v. *Macero,* 146 Conn. 705, 707, . . . and *Chasse* v. *Albert,* 147 Conn. 680, 683 . . . . On the other hand, a plaintiff may sustain the burden of proof by circumstantial evidence. Indeed, in many cases, as in this, it is the only evidence available to prove a fact material to a party's cause of action. *Hennessey* v. *Hennessey,* 145 Conn. 211, 214 . . . . Proof of a fact by circumstantial evidence need not be so conclusive as to exclude every other hypothesis. *Cayer* v. *Salvatore,* 150 Conn. 361, 364 . . . ." *Badela* v. *Karpowich,* 152 Conn. 360, 362. In the instant case, the defendant Robert Consolini, of all persons, best knew whether he caused his car to strike the plaintiff's car in the rear. His only explanation of the collision—that the hood flew up, blocking his vision —was discredited by the court. This left little, if anything, in the light of the facts found, to account for the running into the rear of the plaintiff's automobile except a lack of reasonable care on the part of the defendant in the exercise of control. The court could reasonably find, as it did, that it was more probable than otherwise that the defendant was a responsible agent in directing the course of the car, that he was negligent in exercising control, and that this negligence was the proximate cause of the collision. *Badela* v. *Karpowich,* supra. The conclusions of the court are legally and logically correct and sustained by the subordinate facts.

There is no error.

In this opinion PRUYN and DEARINGTON, Js., concurred.