RODERMOND et al. v. UNITED STATES.

No. 10028.

United States Court of Appeals
Third Circuit.

Argued Feb. 7, 1950.

Decided Feb. 16, 1950.

Thomas A. McDonald, New York City (Crummy & Consodine, Newark, N. J., on the brief) for appellants.

Xavier N. Sardaro, New York City (Alfred E. Modarelli, U. S. Atty., Newark, N. J., Corydon B. Dunham, on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

The female plaintiff sues defendant for personal injuries suffered when she fell from the gangway of a ship of the defendant. Her husband also sues for damages sustained by him as a consequence of the injuries to his wife. The court below found in favor of the defendant. That judgment must be affirmed.

■ We think it highly doubtful whether a finding that the defendant was negligent with respect to the maintenance of this gangway could be sustained. And that is the only basis on which negligence could be predicated. We do not need to agree or disagree with the trial court's conclusion that the proximate cause of the injury was the intoxication of both plaintiffs at the time of the accident. While we do not think the plaintiff was a trespasser on the ship, since her presence there on occasions prior to the accident was known to the captain and not objected to by him, it is clear that the woman was at most a licensee, not a business guest. Her presence there certainly had nothing to do with the business of the defendant. Cf. Restatement, Torts §§ 331, 332. The duty with regard to the condition of the premises owed to the gratuitous licensee does not rise very high. It consists simply in the responsibility for informing the licensee of hidden dangers, the existence of which are known to the licensor but not to the licensee. Cf. Restatement, Torts §§ 340, 342. If there was anything wrong with this gangway it must have been well known to both the plaintiffs for it had been traveled by them more than once prior to the accident.

The judgment will be affirmed.