GERTRUDE LUBENOW *v.* EMELINE M. COOK

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued February 6—decided March 27, 1951

*Charles Tomasino,* with whom were *Joseph M. Brandon* and, on the brief, *David E. FitzGerald, Jr.,* and *Bernard Insler,* for the appellant (defendant).

*J. Stephen Knight,* with whom were *Lewis E. Caplan* and, on the brief, *Max H. Schwartz,* for the appellee (plaintiff).

INGLIS, J.   The principal question on this appeal is whether the charge adequately stated the distinction between a business visitor on the one hand and a licensee such as a social guest on the other.

The facts relative to the question of the plaintiff's status, as they appear from the claims of proof, were not in serious dispute except as hereinafter indicated. The defendant, on September 18, 1947, was the owner and occupant of a dwelling house on the north side of Court Street in West Haven.  A porch ran across the front of the house.  A small front lawn lying between the entrance walk and a driveway east of the house was inclosed by a galvanized wire fence from twelve to sixteen inches high.  The fence extended from the east end of the porch steps along the easterly side of

the entrance walk to the sidewalk, thence along the sidewalk to a tree in the southeast corner of the lawn and thence northwesterly to the southeast corner of the porch.

The plaintiff's daughter Helen was the wife of the defendant's son Chelsea. The young couple had a three-weeks-old baby. They had been staying with the plaintiff, who lived a short distance from the defendant. It had been decided that Helen, Chelsea and the baby would move to the home of the defendant for an indefinite stay. The moving was accomplished by automobile in two trips; Chelsea's brother Stuart drove. On the first trip the car was parked in the street and the plaintiff carried the baby up the entrance walk and into the defendant's house. The claim of proof that the defendant knew that a second trip was planned was disputed, but there was evidence to support it. On the second trip the car was parked in the driveway to the east of the lawn. The occupants of the car were Stuart and Chelsea Cook and the plaintiff. The plaintiff, carrying a tray of glass jars, followed the two men out of the car and started to walk after them across the lawn towards the porch. There was some dispute as to just how dark it was on the lawn, but in any event the plaintiff did not notice the wire fence that extended from the tree to the porch. She tripped on it, fell and was injured.

We have very recently, in *Laube* v. *Stevenson*, 137 Conn. 469, 473, 78 A. 2d 693, had occasion to examine the distinction which the law recognizes between a business visitor and a gratuitous licensee and the nature of the duty which a possessor of land owes to each. In that case we adopted the definitions stated in the Restatement of the Law of Torts: "A business visitor *is* a person who *is* invited or permitted to enter or remain on land in the possession of another for a

purpose directly or indirectly connected with business dealings between them." Restatement, 2 Torts § 332. "A gratuitous licensee is any licensee other than a business visitor as defined in § 332." 2 id. § 331. "The phrase 'gratuitous licensee' includes . . . [s]ocial guests . . . ." 2 id. § 331, comment a(3). We held that, whereas the duty which a possessor of land owes to a business visitor is to use reasonable care to keep his premises reasonably safe, the duty which he owes to a gratuitous licensee such as a social guest is to use reasonable care, when the licensee's presence becomes known, both to refrain from actively subjecting him to danger and to warn him of dangerous conditions which the possessor knows of but which he cannot reasonably assume that the licensee knows of or by reasonable use of his faculties would observe.

In the present case, the defendant requested the court to charge: "Where a guest is invited to come upon the premises of a host for social or benevolent purposes, the relation created is not that of invitee or [sic] invitor in a business sense but that of licensee or [sic] licensor." The court did not comply with this request. On the contrary, it charged: "If the privilege of user exists for the mere pleasure and benefit of the party exercising the privilege, it will be a case of license. Where the privilege of user exists for the common interest or mutual advantage of both parties, it will be held to be a case of invitation." The vice of the quoted portion of the charge is that, in the last sentence, in defining "a case of invitation," the court did not limit "the common interest or mutual advantage" to a business interest or advantage. The two sentences taken together and in connection with other parts of the charge amounted to an instruction that if the plaintiff was on the defendant's premises as a social guest, that is, for the mutual benefit which flows only

from social intercourse, she was entitled to the rights of a business visitor.

In some cases the question whether the person on another's land is a business visitor is one of fact. *Guilford* v. *Yale University,* 128 Conn. 449, 454, 23 A. 2d 917. Upon the facts of the present case as they appear from the claims of proof, however, the plaintiff was a social guest and therefore a gratuitous licensee as a matter of law. The jury should have been so instructed. It would then have followed that they could have concluded that the defendant was liable only in the event that they found that she had failed to use reasonable care to warn the plaintiff of a dangerous condition, which the defendant knew of and which she could not reasonably have assumed that the plaintiff knew of or by reasonable use of her faculties would observe, on that portion of the defendant's premises to which a license to enter had been extended.

This is not a situation in which a general verdict on two or more distinct causes of action cures an erroneous charge as to one of them. See *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A. 2d 187. The complaint in a single paragraph alleged as the particulars of the negligence upon which the cause of action was predicated both that the defendant had failed to use reasonable care to keep her premises reasonably safe and that she had failed to warn the plaintiff of a "trap." In other words it set up a single basis of recovery, namely, the claimed negligence of the defendant. The fact that it alleged two different particulars of negligence did not convert it into a complaint stating two distinct causes of action. See *Veits* v. *Hartford,* 134 Conn. 428, 434, 58 A. 2d 389. Accordingly, the defendant may take advantage of that error in the charge which accorded the plaintiff the rights of a business visitor even though the jury might have found the defendant negligent in

failing to warn of a hidden defect. *Ziman* v. *Whitley*, 110 Conn. 108, 116, 147 A. 370. The failure to charge as requested, therefore, is reversible error.

The trial court properly refused requests to charge that the plaintiff was a trespasser, that she was guilty of contributory negligence as a matter of law and that the implied invitation or license given to her by the defendant as a matter of law did not extend to the use of the lawn as a passway. The ruling on evidence assigned as error was correct.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.