## MARY J. HENNESSEY *v.* WILBUR G. HENNESSEY

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued March 6—decided April 3, 1958

*David M. Reilly, Jr.,* for the appellant (defendant).

*James O. Shea,* for the appellee (plaintiff).

KING, J. The plaintiff sued for damages sustained in a fall on the floor of the back hall of a house owned by the defendant and occupied as a home by him and a bachelor son whom the plaintiff has since married. The fall occurred at about 11:30 in the evening of August 18, 1955. The plaintiff prevailed, and the defendant has appealed, claiming error in the charge and in the denial of his motion to set aside the verdict as against the evidence.

The court, in accordance with the defendant's claim, charged that the status of the plaintiff was that of a social guest under the rule of cases such as *Laube* v. *Stevenson,* 137 Conn. 469, 473, 78 A.2d 693, *Lubenow* v. *Cook,* 137 Conn. 611, 613, 79 A.2d 826, and *Torre* v. *DeRenzo,* 143 Conn. 302, 308, 122 A.2d 25. The basic effect of the doctrine of these cases was to confer upon a social guest the status of a licensee or, conversely expressed, to restrict the legal status of an invitee to such of the persons expressly or impliedly invited by the possessor to come upon his premises as are business visitors, that is, as are there for a purpose directly or indirectly connected with business dealings with him,

leaving social guests, even though expressly invited, in the category of mere licensees. *Laube* v. *Stevenson,* supra; *Lubenow* v. *Cook,* supra, 614.

But our rule as to the measure of duty owed to a licensee was left unchanged. *Laube* v. *Stevenson,* supra, 474, and cases cited. Its essential elements were restated in *Lubenow* v. *Cook,* supra, 614, 615. As applied to the instant case, these essential elements are that (1) the defendant knew of the presence of the plaintiff in his home;[1] (2) thereafter he failed to exercise reasonable care (a) to refrain from actively subjecting her to danger or (b) to warn her of any dangerous condition—in the portion of his premises to which a license to enter had been extended—which he himself knew of and which he could not reasonably assume that she, as a licensee, knew of or by reasonable use of her faculties would observe; and (3) such failure to exercise reasonable care, in either or both respects, constituted a proximate cause of her fall.

The first assignment of error was that the court should have set the verdict aside as against the evidence on the issue of liability. The jury could have found the first essential element proven, in that the plaintiff was in the area where she fell in response to the defendant's request that she close the outside door to the back hall because, as he said, "the floor gets very wet when it rains." The basic claim of the defendant is that there was no evidence from which the jury could reasonably find that the plaintiff had

---

[1] To avoid misunderstanding in the application of this rule, it should be pointed out that actual knowledge by the possessor of the actual presence on his premises of a licensee, although usually, is not invariably, required. See cases such as *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, 182, 4 A.2d 646 (licensee customarily going upon an area embraced in the license).

proven the other essential elements of her cause of action.

There was no evidence that the defendant, who was a cripple and could get about his house unaided only with difficulty and on crutches, had actually seen the rain water on the waxed floor, which was the dangerous condition complained of, or that anyone had told him of that condition. The defendant correctly claims that actual knowledge of the precise defect constituting the dangerous condition had to be proven as distinguished from actual knowledge of conditions naturally productive of the dangerous condition and subsequently in fact producing it. *Drible* v. *Village Improvement Co.,* 123 Conn. 20, 23, 192 A. 308. But this does not mean that circumstantial evidence is not available, and cannot be sufficient, to prove the actual notice of the precise defect. Herein lies the fundamental infirmity in the defendant's claims on this appeal. Proof of a fact does not require proof equivalent to a mathematical demonstration. "In an ordinary civil action the party upon whom rests the burden of proof [as to a fact or an issue] has sustained . . . [that burden] if the evidence, considered fairly and impartially, induces in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact . . . [or] issue is true." *Darrow* v. *Fleischner,* 117 Conn. 518, 520, 169 A. 197; *Esserman* v. *Madden,* 123 Conn. 386, 388, 195 A. 739. Circumstantial evidence involves the offering of evidence of facts from which the trier is asked to infer the existence of, and, so, to find proven, another fact or facts. Such fact or facts may be so found proven if, but only if, the trier finds that the facts from which the trier is asked to draw the inference are proven and that the inference is not only logical and reasonable but strong enough

so that it can be found that it is more probable than otherwise that the fact to be inferred is true. *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 477, 52 A.2d 436; *Orico* v. *Williams,* 139 Conn. 714, 717, 97 A.2d 556, and cases cited. In many cases, including this case, circumstantial evidence is the only evidence available to a party to prove a fact material or essential to his cause of action or defense.

The jury could have found that the defendant knew that the outside door leading to the back hall was open; that he knew that the floor in the back hall was waxed; that he knew that this floor became slippery if water got on it; that on the night in question, as he sat in his chair, he heard the rain coming down and, as he testified, "sure did" hear the wind blowing; and that the plaintiff's fall took place during a hurricane. While the evidence is weak, we cannot say that it was insufficient to warrant a finding that prior to requesting the plaintiff to close the door the defendant knew that rain had blown in onto the floor, as distinguished from merely knowing that it was raining and windy and that these were conditions which were likely to cause water to come in onto the floor. The defendant seems to claim, in effect, that the plaintiff could prove that the defendant knew that water had come in onto the floor only by proof that (a) he saw the water, (b) he touched it or (c) he was told of it. We think that such a requirement would unduly restrict the scope of our rule as to circumstantial evidence under the facts of this case. Thus, evidence as to the dried and dirty appearance of a foreign substance has been held sufficient, under some circumstances, to warrant an inference that it had been on the floor of a store a sufficient length of time so that the defendant could be found to have had constructive notice of its po-

sition long enough before a fall to support a conclusion of negligence. *Morris* v. *King Cole Stores, Inc.,* 132 Conn. 489, 493, 45 A.2d 710.

After the plaintiff fell, the defendant came out to assist her and told her that the floor was slippery in that area when it was wet. This, with the evidence previously mentioned, justified the jury in finding that the defendant knew that a dangerous condition had come into existence in that area and that he had this knowledge prior to his inducing the plaintiff to enter the area of danger by requesting her to close the door. While at another point in her testimony the plaintiff gave a slightly different version of the defendant's statement, much less favorable to her and perhaps inadequate to support a verdict in her favor, the jury were entitled to credit either statement since neither was a judicial admission. *Andrea* v. *New York, N.H. & H.R. Co.,* 144 Conn. 340, 345, 131 A.2d 642.

The jury could find that the plaintiff, at the time she fell, did not know that the floor was waxed. Since it was not merely the water on the floor which created the dangerous condition but the water superimposed on the wax, the jury would be justified in finding that the defendant could not reasonably assume that the plaintiff either knew of the dangerous condition or by the reasonable use of her faculties would become aware of it.

Under these circumstances, the jury could find that the defendant failed to exercise reasonable care in actively subjecting the plaintiff to the dangerous condition by requesting her to close the door and thereby causing her to enter the area of the dangerous condition or in failing to warn her of the dangerous condition of the area into which he was causing her to enter, or in both respects. These were the two

specifications of negligence which the court allowed to go to the jury.

On the above facts the claims of the defendant that the jury could not find that any negligence of his constituted a proximate cause of the fall and that the jury must find, as a matter of law, that he had sustained his burden of proving contributory negligence are without merit. There was no error in the court's refusal to set aside the verdict.

While the court's charge on the measure of duty owed to a licensee was very brief and might well be inadequate for general use, it sufficiently set forth, in the light of the relatively simple issues of this case, the applicable portions of the rule. This being so, there was no error in not giving the requests to charge which also explained the rule. *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 150, 139 A.2d 812.

A portion of the charge was attacked for failure to submit to the jury the question whether a warning was necessary and whether one had been given. The only evidence of a warning was with regard to water on the floor. This could hardly be found to be a warning of water superimposed upon a waxed floor, which was the dangerous condition here. Furthermore, as has been pointed out, the charge as given had covered, with respect to this case, the requirements of the rule on the duty owed to licensees, including the matters complained of, and we cannot find error in the failure of the court to elaborate further. Ibid.

The defendant attacks the charge in that it permitted the jury to infer that the dangerous condition had come into existence, and that the defendant had actual knowledge of it, prior to his request to the plaintiff to close the door. There was no

error in this, for the reasons already pointed out.

The corrections of the finding sought need not be considered, in the view which we have taken of the case.

There is no error.

In this opinion the other judges concurred.