GEORGE KERRIGAN *v.* THE DETROIT STEEL
CORPORATION ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 96216
AT BRIDGEPORT

Memorandum filed October 24, 1958

*Koskoff & Hennessy,* of Bridgeport, and *Francis J. Moran,* of New Haven, for the plaintiff.

*Pelgrift, Dodd, Blumenfeld & Nair,* of Hartford, and *John F. McGowan,* of Bridgeport, for the defendants.

TROLAND, J. This is a motion by the defendants under the provisions of Practice Book § 234 that judgment be entered in their favor in accordance with their motion for a directed verdict.

After the close of all the evidence, the defendants made a motion for a directed verdict in their favor. This motion was denied by the court and the case submitted to the jury. After long deliberation, the jury reported that its members had failed to agree. The court made a supplemental charge incorporating the rule laid down in *State* v. *Smith,* 49 Conn. 376, 386, and returned the jury for further consideration of the case. The jury subsequently reported disagreement and that it was not reasonably probable they could agree if they labored further. The jury were discharged. Thereafter, the defendants made the pending motion. The sole ground of the motion is defendants' claim that "the evidence does not support a finding of negligence upon the part of the defendants which proximately caused the plaintiff's injuries."

There is evidence which, if believed by the jury, would establish the following facts:

1. The Boston Post Road in Fairfield in front of 1599 Boston Post Road in said town was fifty-seven feet wide.

2. There were four lanes for motor vehicle travel on the hard surfaced highway, being two lanes for eastbound travelers, and two lanes for westbound travelers.

3. On the south side of the eastbound cement lane, there was a macadam shoulder eleven feet wide, and north of the westbound cement lane, a similar shoulder ten feet in width.

4. Prior to the accident, the plaintiff had parked his truck on the north side of the street and crossed to a diner on the south side, on business and for refreshment.

5. While in the diner, the plaintiff purchased a glass of beer, of which he consumed one-half.

6. After a short time in the diner, the plaintiff came out and proceeded across the sidewalk, intending to go back to his truck on the north side of the street.

7. There was a line of cars parked parallel with the curb on the eleven-foot-wide macadam shoulder on the south side of the road.

8. The plaintiff walked between two of the parked cars and emerged near the cement traveled way, where he stopped.

9. The plaintiff looked in both directions, observed oncoming traffic and remained standing on the shoulder of the road.

10. At about the time plaintiff crossed the sidewalk to enter between the parked cars, a double line of traffic began to move in an easterly direction from Ruane Street, an intersecting street about 330 feet away, where said traffic had been halted at a traffic light.

11. This eastbound traffic included passenger vehicles and the defendants' truck.

12. The truck was in the southerly eastbound lane.

13. The approaching traffic, including the truck, was on the cement highway and was observed by the plaintiff, the truck then being about 200 feet away from him.

14. The plaintiff looked to his right to make further observation and then turned his head back and

was facing north, at which time he heard the roar of the truck engine "right on top" of him.

15. The plaintiff was hit. (He said, "I felt I got hit.")

16. Plaintiff did not see or know what portion of the truck (a tractor-trailer combination) hit him. (He said: "I was out. I was knocked out. I couldn't remember nothing after I got hit.")

17. It was conceded that the right rear wheel of the trailer rolled over and crushed the plaintiff's shoulder and chest.

The defendants alleged and offered evidence tending to prove that plaintiff was not in the exercise of due care. Because of the allegations of this motion, it is not necessary to pass on the quantity or quality of such evidence. Acts of negligence alleged against defendants included lack of proper lookout by the driver and lack of proper control of the truck.

The defendant driver, who at all times was present during the trial, failed to testify except when called by the plaintiff to identify a written statement given by him to the police at the time of the accident. This statement, after being acknowledged by him, was offered by the plaintiff to prove an admission by said defendant as to matters therein discussed, and is a plaintiff's exhibit. In said statement the defendant driver disclaimed all knowledge of running over the plaintiff.

In the absence of any other testimony by the driver as to the manner in which he was operating his vehicle, either as to speed or control or lookout, inferences unfavorable to the driver might properly be drawn. The jury could properly have found from the evidence that as the truck approached the plaintiff, the plaintiff was in a position where he would have been seen by the defendant driver if he had

been maintaining a proper lookout, and that the driver failed to see him. Reasonable men might disagree as to what would constitute the proper performance of the duty resting on the driver of the truck at the time. The driver cannot excuse himself from not seeing a person on the highway if, under the circumstances, he as an ordinarily prudent person driving his truck would have seen him. The law charges the driver with seeing all that he ought in the exercise of due care to have seen.

It cannot be demonstrated with mathematical certainty that the front of the tractor or trailer struck the plaintiff and cast him to the road to be run over by the rear wheels, but such a high degree of proof is not required. *Hennessey* v. *Hennessey,* 145 Conn. 211, 214.

There is room for a reasonable difference of opinion with respect to the issues in this case, and the plaintiff is entitled to have the issues of fact determined by the jury. *Maroncelli* v. *Starkweather,* 104 Conn. 419, 422.

The motion for judgment in favor of the defendants is denied.