## Davies v. McDowell National Bank

*Philip E. Brockway*, for plaintiff.
*Hiram M. Drake*, for defendant.

RODGERS, P. J., October 3, 1960.—In this case the deceased, Mary E. Davies, a stepdaughter of the deceased, J. Fred Thomas, with her husband went to Mr. Thomas' surveying office at his request to drive Thomas to his home. While there, she was apparently overcome by gas fumes as was Mr. Thomas, and they both died as a result of carbon monoxide gas. Plaintiff alleges this and also that the deceased, Thomas, knew, or by reasonable inspection should have known, that the gas furnace was in a dangerously defective state of disrepair. Defendant moves for a judgment on the pleadings. Plaintiff claims the status of a business invitee for the deceased, Mary E. Davies.

It is the court's judgment that Mrs. Davies was not a business invitee. It is true that the allegations indicate that the Davies were on the Thomas premises at Mr. Thomas' express request and for his benefit, but it does not allege that they were there for a business purpose.

We adopt the holding of Lubenow v. Cook, 137 Conn. 611, 79 A. 2d 826, where the court held that a person invited to come upon the premises of another for a social or benevolent purpose is a licensee rather than a business visitor. In that case, plaintiff came upon defendant's land to assist her daughter, who was defendant's daughter-in-law, move some furnishings.

Laube v. Stevenson, 137 Conn. 469, 78 A. 2d 693, holds that:

"A 'business visitor' is a person invited . . . to enter or remain on land in another's possession for a purpose directly or indirectly connected with *business dealings between them*": Syllabus pp. 693-94. See also Rodermond v. United States, 179 F. 2d 955; Restatement of Torts §322.

We hold, therefore, that plaintiff was, technically speaking, a mere licensee. Under such circumstances, defendant is liable only if he had actual knowledge of the dangerous condition. The pleading alleges that the deceased, Thomas, knew or should have known of the dangerous condition. Only the allegation and proof of actual knowledge on the part of the deceased defendant will support a cause of action under these circumstances. We do not believe, however, that the alternative pleading makes the complaint demurrable. By alleging actual knowledge on the part of the deceased, Thomas, plaintiff does allege a cause of action. We do rule, however, that the allegation that the deceased, Thomas, "should have known" does not, under these circumstances, allege liability producing conduct on the part of the deceased, Thomas, and, therefore, would be irrelevant to the issue at the time of trial.

*Order*

And now, October 3, 1960, the motion for judgment on the pleadings is denied in accordance with the above opinion.