## JOHN SCHIAVONE *v.* EUGENIA FALANGO

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 6, 1961—decided March 7, 1962

*Walter M. Pickett, Jr.,* for the appellant (defendant).

*William B. Hennessy,* with whom was *Leonard M. Caine,* for the appellee (plaintiff).

SHEA, J. This action was brought on behalf of the plaintiff, a minor, by his father and next friend to recover damages for personal injuries alleged to have been sustained because of the negligence of the defendant and because of a nuisance maintained by her. The court rendered judgment for the plaintiff. The defendant has appealed, claiming that the subordinate facts do not support the conclusions reached by the court. She has also assigned as error the overruling of certain claims of law made by her at the trial.

The facts are not in dispute. In September, 1956, the defendant was the owner of a tenement house consisting of three floors, each of which contained a separate tenement. The plaintiff's family had occupied the first floor since June, 1956. The plaintiff had two brothers, one aged six years and the other aged one year. Near the rear door to the first-floor tenement there was an outside wooden stairway extending to a landing on the second floor. The defendant exercised exclusive control over the stairway. It had thirteen steps. The treads were thirty-six inches wide and about nine and one-half inches deep; the risers were eight inches high. Two wooden railings, each made of two-by-fours, one above the other, extended along each side of the stairway, paralleling its rise. On the outer side, the lower railing was twelve and one-half inches above the nosing of the tread and eighteen and one-half inches from the junction of the tread with the base of the

riser, when measured perpendicularly. The structural condition of the stairway and railings had been the same for at least three months. Access to the apartments on the second and third floors could be gained only by this stairway. Two young children lived in the apartment on the second floor, and a four-year-old boy lived with the family on the third floor. The defendant visited the premises at least once each week. She had used the stairway and knew that young children lived on the premises.

On September 14, 1956, about 4:30 p.m., the plaintiff, then two years, seven and one-half months old, sustained injuries when he fell to the ground from the stairway. His father was working in the rear yard at the time. Shortly before the fall, the plaintiff had tried to climb the stairway but was taken down by his father, who thereafter resumed his work, keeping an eye on the plaintiff from time to time. The father heard a scraping sound on the stairway and then a thud on the concrete walk. He found the plaintiff on the concrete, about one foot from the edge of the staircase and directly below the eighth step. The stairway and the railings were not in disrepair.

On these facts, the court concluded that the structural condition of the stairway was inherently dangerous, in that it did not have railings which were adequate, safe, proper and sufficient for children of the age of the plaintiff when using it unaccompanied by an adult; that the defendant knew or should have known that children, including the plaintiff, were likely to use the stairway and that such use would involve unreasonable risk of serious bodily harm to them; that the children, because of their youth, would not realize the risk involved; and that the utility of maintaining the rails structurally

in their existing condition, in the light of the probability of the use of the stairway by young children, was slight, if any at all, compared to the risk of injury to the children. The court also concluded that the stairway, as maintained by the defendant, was the proximate cause of the plaintiff's injuries and awarded damages to the plaintiff.

The plaintiff claimed the right to recover on the ground of private nuisance as well as negligence. Since no interest in land was involved, there could be no recovery on the ground of nuisance. *Higgins* v. *Connecticut Light & Power Co.,* 129 Conn. 606, 611, 30 A.2d 388; *Webel* v. *Yale University,* 125 Conn. 515, 525, 7 A.2d 215. Recovery, if there be any, must therefore rest on negligence alone. To establish a basis for recovery, the plaintiff had the burden of proving a breach of some duty owed by the defendant. In an attempt to follow the reasoning of the trial court, we have referred to the memorandum of decision. See *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 40, 82 A.2d 152. From this, it is evident that the court applied to this case the law established in *Wolfe* v. *Rehbein,* 123 Conn. 110, 113, 193 A. 608. In that case, we adopted the principle, enunciated in the Restatement, 2 Torts § 339, regarding the liability of a possessor of land where unreasonable risk of serious bodily harm to young children trespassing thereon is caused by artificial conditions of a highly dangerous nature maintained on the land under specified circumstances. The principle has no application to the present case, since the court found, and the parties conceded, that the plaintiff, in using the stairway to the second floor, was a licensee.

Ordinarily, an owner of land owes no duty to a licensee to keep his premises in a safe condition,

because the licensee must take the premises as he finds them, including any danger arising out of their condition. *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473; *Laube* v. *Stevenson,* 137 Conn. 469, 474, 78 A.2d 693. This applies to infant as well as adult licensees. *Pastorello* v. *Stone,* 89 Conn. 286, 289, 93 A. 529; *Wilmot* v. *McPadden,* 79 Conn. 367, 376, 65 A. 157. A possessor of land is liable for bodily harm caused to a gratuitous licensee by a natural or artificial condition thereon if, but only if, he (a) knows of the condition, realizes that it involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk, and (b) invites or permits the licensee to enter or remain upon the land, without exercising reasonable care (1) to make the condition reasonably safe, or (2) to warn the licensee of the condition and risk involved therein. *Hennessey* v. *Hennessey,* supra; *Lubenow* v. *Cook,* 137 Conn. 611, 613, 79 A.2d 826; *Laube* v. *Stevenson,* supra; Restatement, 2 Torts § 342.

When these principles of law are applied to the facts of this case, it is impossible to support the conclusion that the injuries of the plaintiff were caused by a breach of duty owed by the defendant to him. There is nothing to show that the defendant knew that the plaintiff would be allowed to use the stairway without the assistance or supervision of an adult. Of course, any stairway involves a risk of harm to children of tender years, but the test to be applied is whether the defendant knew that the stairway, constructed as it was with the side railings, involved an unreasonable risk to the plaintiff as a licensee. The defendant could not be charged with the reasonable foreseeability of harm which is the basis of liability in negligence. *Noebel* v.

*Housing Authority,* 146 Conn. 197, 200, 148 A.2d 766; 2 Stevenson, Negligence in the Atlantic States, p. 653, § 427. Reasonable care does not require that one must guard against eventualities which, at best, are too remote to be reasonably foreseeable. Ibid. There was nothing about this staircase, its construction or state of repair which constituted a dangerous condition. The owner or occupier of land is not bound to guard every stairway, cellarway, wall, shed, tree and building on his premises so that a small child cannot climb to a precipitous place and fall therefrom. *Kayser* v. *Lindell,* 73 Minn. 123, 126, 75 N.W. 1038. The ordinary conduct of business, especially the development of real estate, requires the use of stairways, walls, fences, tools, appliances and conditions essential to its proper operation and maintenance. The landowner cannot be held to be an insurer of the safety of young children who suffer injury from a normally innocuous condition on his property. To impose liability in such cases would cause an intolerable burden and one which could not be sustained through any process of logical reasoning. *Jarvis* v. *Howard,* 310 Ky. 38, 42, 219 S.W.2d 958; Prosser, Torts (2d Ed.) p. 444.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.