NORMA CAYER ET AL. *v.* VICTOR J. SALVATORE ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued February 6—decided February 26, 1963

*William P. Aspell,* for the appellants (defendants).

*Waldemar J. Lach,* with whom, on the brief, was *Arnold E. Bayer,* for the appellees (plaintiffs).

BALDWIN, C. J.  The defendants, Victor J. Salvatore and his son Joseph, have appealed from a judgment rendered on a verdict for the plaintiffs, Norma Cayer and her son Donald, in their action to recover damages, including medical expenses, for injuries received by Donald in an automobile accident. The plaintiffs alleged in their complaint that Joseph negligently operated his father's automobile, in which Donald was a passenger, in that Joseph drove the automobile at a high and reckless speed, failed to have it under control, so that it ran off the highway and struck a tree, and failed to keep a proper lookout to see where the automobile was going and to keep it on the traveled portion of the roadway. The defendants claim that the plaintiffs failed to prove any of these allegations of negligence and that the verdict is a product of surmise and speculation.

The jury could have found the following facts from the evidence offered by the plaintiffs: On the evening of May 2, 1958, about 9 o'clock, Donald was riding in the rear seat of the Salvatores' four-door sedan. He was seated directly behind Joseph, who was driving. There were four other occupants of the car, two riding in the front seat with Joseph and two in the rear seat with Donald. The car was proceeding north on East Street in New Britain. East Street is hard-surfaced and is thirty feet six inches wide. It was posted for a maximum speed of twenty-five miles per hour. The night was clear, and the roadway was dry. North of its intersection with Dix Avenue, East Street, for vehicles proceeding north, curves slightly to the right or east. On the outside of this curve, five feet beyond the westerly edge of the traveled portion of the road and seventy-five yards from the intersection, there is

a large tree. When the Salvatore car passed through the Dix Avenue intersection, a bus, headed west and about to enter the intersection, was standing in Dix Avenue at a stop sign. The occupants of the Salvatore car knew the driver of the bus. They waved to him and turned to look at him, and the horn on the Salvatore automobile was sounded. The automobile, which had been traveling on the right-hand or easterly side of the road, then crossed to the left side and ran off the road head-on into the tree. Two of the occupants of the car were thrown out of it by the impact. The others were pinned inside the car by the two seats, which were detached and shoved forward against the instrument board by the force of the collision. The front of the car was twisted around the tree and demolished. The defendants offered no evidence, although Joseph was present in court during the trial. They moved for a directed verdict, but the court denied their motion.

The sole question on this appeal is whether the jury reasonably and logically could have reached the conclusion that Joseph was negligent in one or more of the ways alleged in the complaint and that his negligence was a proximate cause of the collision with the tree. No witness testified that the automobile was being driven at a high speed, that the driver was not looking where he was going or that he lost control of the car. The evidence as to these facts was circumstantial. Triers of fact must often necessarily rely on circumstantial evidence and draw inferences from it. *Hennessey* v. *Hennessey,* 145 Conn. 211, 214, 140 A.2d 473; *Pillou* v. *Connecticut Co.,* 143 Conn. 481, 484, 123 A.2d 470; *Drobish* v. *Petronzi,* 142 Conn. 385, 387, 114 A.2d 685; *Orico* v. *Williams,* 139 Conn. 714, 717, 97 A.2d

556. The facts from which the trier is asked to draw the inferences must, however, afford a basis for them, in reason and in logic. *Robinson* v. *Southern New England Telephone Co.*, 140 Conn. 414, 419, 101 A.2d 491, and cases cited. The test of the sufficiency of proof by circumstantial evidence is whether rational minds could reasonably and logically draw the inference. *Andrea* v. *New York, N.H. & H.R. Co.*, 144 Conn. 340, 344, 131 A.2d 642; *Pierce* v. *Albanese,* 144 Conn. 241, 256, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21. The proof need not be so conclusive that it precludes every other hypothesis. It is sufficient if the proof produces in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact to be inferred is true. *Hennessey* v. *Hennessey,* supra; *Pierce* v. *Albanese,* supra; *Dickson* v. *Yale University,* 141 Conn. 250, 253, 105 A.2d 463, and cases cited.

In reviewing the action of the trial court in the light of the foregoing principles, we must consider the evidence from the point of view most favorable to the sustaining of the verdict. The jury could have found from the nature and the extent of the damage to the Salvatore car that it was being driven at an excessive speed. The jury could have found also that the driver, when he was only seventy-five yards from the tree, had, along with the other occupants of the car, turned his head to the right to look at the bus driver and had, in all probability, sounded the horn. It was reasonable to infer that the speed of the car, the distraction of the driver and his failure to bear to the right in order to negotiate the curve in the road allowed the car to go off the road and strike the tree. *Kakluskas* v. *Somers Motor Lines, Inc.,* 134 Conn. 35, 38, 54 A.2d

592. The inference that the driver's negligence was a proximate cause of the collision and the injuries resulting to Donald was one which the jury were reasonably entitled to draw. Although the plaintiffs' case was weak, it was a prima facie one, and the failure of the defendant Joseph to testify permitted the inference that his testimony would be unfavorable—in short, that he could not exculpate himself. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598; *Russo* v. *Dinerstein,* 138 Conn. 220, 226, 83 A.2d 222; *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 A. 461; see *State* v. *Pundy,* 147 Conn. 7, 12, 156 A.2d 193.

The defendants rely on *Latham* v. *Hankey,* 117 Conn. 5, 166 A. 400; *Sigel* v. *Gordon,* 117 Conn. 271, 167 A. 719; *Palmieri* v. *Macero,* 146 Conn. 705, 155 A.2d 750; and *Chasse* v. *Albert,* 147 Conn. 680, 166 A.2d 148. The case at bar differs from these cases in two essential particulars. First, the evidence is sufficient to support a logical inference as to the reasons why the automobile went off the road and collided with the tree while traveling at a fast rate. The jury could have found that these reasons showed negligence. Second, the defendant driver of the car was in court, and his failure to take the stand after the plaintiffs had made out a prima facie case lends further support to the inference of negligence.

There is no error.

In this opinion the other judges concurred.