O'Dell JOHNSON and J. W. Johnson, husband and wife, Libelants,

v.

MOBILE TOWING & WRECKING COMPANY, a corporation, Respondents.

No. 2908.

United States District Court
S. D. Alabama, S. D.

Dec. 31, 1963.

W. Borden Strickland, of Strickland & Zoghby, Mobile, Ala., Golden & Fitzgerald, Milton, Fla., for libelants.

Alexander F. Lankford, III, of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for respondents.

DANIEL HOLCOMBE THOMAS, District Judge.

This libel is brought to recover damages sustained by libelant O'Dell Johnson, a deaf mute, when she fell from the deck of the tugboat "Captain Miller," down into the engine room. Her husband and co-libelant, J. W. Johnson, seeks to recover for loss of the wife's services as a result of her injuries, all allegedly caused by the negligence of the respondent tug owner.

FINDINGS OF FACT

On Sunday, September 17, 1961, the tugboat "Captain Miller," owned by respondent Mobile Towing & Wrecking Company, Inc., was afloat on the navigable waters of the Mobile River and within the limits of Mobile Harbor. The "Captain Miller" was tied up alongside the pier at the foot of St. Francis Street, with her bow to the north. Another tugboat, also belonging to respondent, was tied up alongside the "Captain Miller" on her starboard side. On the date in question the "Captain Miller" was inactive. She had been and was then undergoing a complete engine overhaul, and she had no crew assigned to her. There were no employees or agents of the respondent aboard the vessel on the aforesaid date, with the exception of one William L. Broadus, who went aboard at approximately 1:20 p. m. and remained there approximately ten minutes, during which time he pumped out the bilges of the vessel.

At approximately 2:00 p. m. on the aforesaid date, after Broadus had left the "Captain Miller," libelants O'Dell and J. W. Johnson, along with Mr. and Mrs. Morris E. Chinn, drove their automobile to a point alongside the pier, in close proximity to the "Captain Miller," and parked. Libelants proceeded to board the "Captain Miller" without obtaining permission and without invita-

tion of the respondent, who had a manned office in the vicinity.

Libelant O'Dell Johnson entered the "Captain Miller" on the main deck level by going through a door forward of amidship on the port side. She walked along a passageway toward the starboard side, turned right through another door, passed along a fore and aft passageway toward the galley and stern, turned right through a third door, proceeded either back toward the port side or aft along another passageway, and subsequently fell through the engine room space and down onto the engine room bilges or bilge plates. The protective railing, which is normally in place around the engine room space, had been removed in order to facilitate the overhaul of the engine. As a result of the fall, libelant O'Dell Johnson suffered injuries for which she now seeks recovery. She was incapacitated for approximately three months as a result of said injuries so as to be unable to perform services for her husband; and for the loss of her services, libelant J. W. Johnson, her husband, seeks recovery.

## CONCLUSIONS OF LAW

■ Libelants O'Dell and J. W. Johnson boarded the "Captain Miller" on their own initiative, without the knowledge or consent of the respondent, Mobile Towing & Wrecking Company, Inc. Their presence aboard the "Captain Miller" was in no manner consistent with the respondent's rights to exclusive control, use and enjoyment, and its interests arising out of the ownership of said vessel. Neither the respondent, nor any of its agents, servants or employees, while acting within the line and scope of their employment, expressly or by implication invited libelants to board the "Captain Miller." An invitation to be aboard the vessel will not be implied by law unless the person going on such vessel does so for the benefit, real or supposed, of its owner or occupant, or in a matter of mutual interest, or in the usual course of business, or for the perform-

ance of some duty. Middleton v. P. Sandford Ross, Inc., 5th Cir., 213 F. 6 (1914). Libelants' presence on the vessel was of no benefit to respondent. There was no mutual interest between the parties, no performance of any duty involved, and this certainly was not in the usual course of business.

■ The respondent owed to libelant O'Dell Johnson no duty to maintain said vessel in a reasonably safe condition. The respondent was not negligent in failing to maintain sufficient lighting within the said vessel; in maintaining the open engine room space without the presence of a guard rail; nor in failing to warn libelant O'Dell Johnson of said open space. Neither respondent, nor any of its agents, servants, or employees, acting within the line and scope of their employment, caused O'Dell Johnson to take a route across said vessel that was imminently dangerous to her. The respondent owed to libelant O'Dell Johnson only the duty not to wilfully or wantonly injure her, and to warn her of any hidden peril after her position was made known to the respondent. Rodermond v. United States, 3rd Cir., 179 F.2d 955 (1950).

The accident, and the resulting injuries and damages of libelant O'Dell Johnson, and the losses sustained by libelant J. W. Johnson as a result thereof, were in no way proximately caused by the fault, carelessness, recklessness or negligence of the respondent, Mobile Towing & Wrecking Company, Inc., nor any of its agents, servants and/or employees acting within the line and scope of their employment. Neither the respondent nor any of its agents, servants, or employees, while acting within the line and scope of their employment, wilfully or wantonly injured the libelant, nor failed to warn her of any hidden peril after her position had been made known to them. No duty owed to libelants by the respondent was breached.

Decree will therefore be entered for the respondent.