STEPHEN E. BADELA *v.* PETER KARPOWICH

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued January 6—decided January 26, 1965

*Kevin T. Nixon,* for the appellant (defendant).

*Charles G. Albom,* with whom, on the brief, was *John F. Androski,* for the appellee (plaintiff).

KING, C. J. The plaintiff recovered a judgment for damages for personal injuries sustained while he was a passenger in an automobile which was owned and operated by the defendant and which

collided with a tree. The court concluded that the plaintiff had sustained his burden of proving that the collision was caused by the defendant's negligence in failing to have the car under proper and reasonable control. The basic ground of appeal is that the court's conclusion is unsupported by the subordinate facts of the finding.

Two corrections are sought in the subordinate facts. No appendix was filed by the defendant, and consequently the addition sought cannot be made. *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634. The finding that the defendant did not attempt to apply his brakes is not supported by the evidence as an affirmative finding of a negative; *Triano* v. *United States Rubber Co.,* 144 Conn. 393, 396, 132 A.2d 570; and is stricken. Neither correction sought, however, is material to the basic question raised by the appeal.

The plaintiff, the defendant and Michael Osinski met at the Slovak Club, in Ansonia, in the early afternoon of April 8, 1955. While there, each had two drinks of rye whiskey and two small bottles of beer. The defendant then took the plaintiff and Osinski for a ride in his car. Osinski sat in the middle of the front seat and the plaintiff at his right. The car proceeded uneventfully for about three miles, into the town of Seymour, where the defendant stopped for gasoline at a filling station. While there, the plaintiff manifested some interest in a used car which was on sale and was given a fifteen or twenty minute demonstration of it while the defendant and Osinski waited at the station.

Upon the plaintiff's return from the demonstration, the trip was resumed in a northerly direction, the seating of the passengers being the same as before. Some 500 to 600 feet north of the station,

the car suddenly swerved to the right, crossed the east margin of the highway, passed over a strip of relatively flat land and struck, and came to rest against, a tree located eight to ten feet off the highway. There was no finding as to exactly what, if anything, the defendant did or failed to do in the operation of the car to cause it to leave the highway and strike the tree.

The accident occurred about 4 o'clock in the afternoon. None of the three occupants of the car was under the influence of liquor. The road on which the car was proceeding in the area of the accident was forty to fifty feet wide and was straight. The afternoon was clear and sunny. No other traffic, vehicular or pedestrian, was in the area. Throughout the entire trip, the car had been in good mechanical condition and had functioned properly, and the defendant's driving had been careful and in obedience to all stop signs. None of the three occupants placed the speed of the car, when it left the highway, as in excess of fifteen to twenty miles per hour. The defendant testified that the cause of the collision was that one or the other of his passengers grabbed the steering wheel and caused him to lose control of the car. Both passengers denied this and the court was fully justified in discrediting this highly improbable explanation.

It is true that a plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might have been negligent in a manner which would, or might have been, a proximate cause of the collision. A plaintiff must remove the issues of negligence and proximate

cause from the field of conjecture and speculation. Illustrations of the application of these principles may be found in cases such as *Palmieri* v. *Macero,* 146 Conn. 705, 707, 155 A.2d 750, and *Chasse* v. *Albert,* 147 Conn. 680, 683, 166 A.2d 148.

On the other hand, a plaintiff may sustain the burden of proof by circumstantial evidence. Indeed, in many cases, as in this, it is the only evidence available to prove a fact material to a party's cause of action. *Hennessey* v. *Hennessey,* 145 Conn. 211, 214, 140 A.2d 473. Proof of a fact by circumstantial evidence need not be so conclusive as to exclude every other hypothesis. *Cayer* v. *Salvatore,* 150 Conn. 361, 364, 189 A.2d 505.

In the instant case, the defendant, of all persons, best knew whether he was the responsible agent in causing the car to leave the road and collide with the tree. His only explanation of the collision was that one or the other of his passengers grabbed the steering wheel. After the court had discredited this unlikely explanation, there was little, if anything, in the light of the facts found, except a lack of reasonable care on the part of the defendant in the exercise of control, to account for the swerving of the car off the highway and into the tree. The court could reasonably find, as it did, that it was more probable than otherwise that the defendant was a responsible agent in directing the course of the car, that he was negligent in exercising control, and that this negligence was a proximate cause of the collision with the tree. *Hennessey* v. *Hennessey,* supra; *Danzell* v. *Smith,* 150 Conn. 35, 39, 184 A.2d 53; *Cayer* v. *Salvatore,* supra; *Blados* v. *Blados,* 151 Conn. 391, 395, 198 A.2d 213.

There is no error.

In this opinion the other judges concurred.