DEBORAH BEARS *v.* FREDERICK HOVEY ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 8—decided May 6, 1970

*W. Paul Flynn,* with whom, on the brief, were *Frank J. Raccio* and *Charles L. Flynn,* for the appellant (plaintiff).

*William L. Hadden, Jr.,* with whom, on the brief, were *William L. Hadden, Sr.,* and *Clarence A. Hadden,* for the appellees (defendants).

HOUSE, J. This case arose from a sledding accident which happened in Milford on February 18, 1962. The property of the defendants lay at the foot of a steep hill down which children were accustomed to sled during the winter. The sliding path was about 250 feet in length and ended in the defendants' rear yard. On February 15, after a snowfall, some neighborhood children erected a snow fort in the yard by rolling snowballs into a mound. The fort was not on the snow slide but perpendicular and to the right of it. On Saturday, February 17, according to the weather report, there were ten hours of sunshine and the temperature rose to 41 degrees. That night the temperature dropped to 24 degrees. On Sunday morning at about 9:30 the plaintiff, then age thirteen, with a younger brother and sister went to slide on the hill. The plaintiff was the first to slide down the path. She found that the slide was solid ice. Because of trees and bushes along the path she could not turn off the snow slide. When she reached the yard of the defendants the snow in the area was hard and so icy that she could not

control the steering of her sled but did turn her sled to the right, where she crashed into the snow fort which, with the overnight drop in temperature, had frozen hard. She testified that she tried to avoid striking the fort but the slide had become so icy that she could not control her sled and she skidded into the fort and was injured. Through her father she brought suit against the defendants, alleging that her injuries were a result of their negligence.

The jury returned a verdict in favor of the plaintiff, and, on motion by the defendants, the court set aside that verdict and rendered judgment for the defendants pursuant to their prior motion for a directed verdict. See Practice Book § 255.

In accordance with the provisions of Practice Book § 256, the court filed a memorandum of decision in which it set forth the reasons for its ruling. The court noted that the parties were in agreement that the plaintiff in using the sliding area had the legal status of a licensee. The court quoted the general governing principles of law from *Schiavone* v. *Falango,* 149 Conn. 293, 296, 179 A.2d 622: "Ordinarily, an owner of land owes no duty to a licensee to keep his premises in a safe condition, because the licensee must take the premises as he finds them, including any danger arising out of their condition. *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473; *Laube* v. *Stevenson,* 137 Conn. 469, 474, 78 A.2d 693. This applies to infant as well as adult licensees. *Pastorello* v. *Stone,* 89 Conn. 286, 289, 93 A. 529; *Wilmot* v. *McPadden,* 79 Conn. 367, 376, 65 A. 157. A possessor of land is liable for bodily harm caused to a gratuitous licensee by a natural or artificial condition thereon if, but only if, he (a) knows of the condition, realizes that it involves an

unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk, and (b) invites or permits the licensee to enter or remain upon the land, without exercising reasonable care (1) to make the condition reasonably safe, or (2) to warn the licensee of the condition and risk involved therein. *Hennessey* v. *Hennessey,* supra; *Lubenow* v. *Cook,* 137 Conn. 611, 613, 79 A.2d 826; *Laube* v. *Stevenson,* supra; Restatement, 2 Torts § 342." See also *Moonan* v. *Clark Wellpoint Corporation,* 159 Conn. 178, 186, 268 A.2d 384.

The court noted that there was no evidence that at the time of the accident the defendants knew of the frozen and icy condition of the slide or snow fort or that it involved an unreasonable risk to the plaintiff; and that, prior to the overnight drop in temperature, "[t]here was nothing about the existence of a snow fort twenty-nine or thirty inches high in the defendants' back yard that constituted a defective condition or an unreasonable risk to the plaintiff." An examination of the evidence printed in the appendices to the briefs confirms the accuracy of these observations, and we find no error in the ruling of the trial court.

"The landowner cannot be held to be an insurer of the safety of young children who suffer injury from a normally innocuous condition on his property. To impose liability in such cases would cause an intolerable burden and one which could not be sustained through any process of logical reasoning. *Jarvis* v. *Howard,* 310 Ky. 38, 42, 219 S.W.2d 958; Prosser, Torts (2d Ed.) p. 444." *Schiavone* v. *Falango,* supra, 298.

There is no error.

In this opinion the other judges concurred.