Clyde **HARTZOG**, Plaintiff,

v.

The **HEAD LINE CO., INC.**, and North Pier Terminal Co., Defendants.

The **HEAD LINE CO., INC.**, Defendant and Third-Party Plaintiff,

v.

**NORTH PIER TERMINAL CO.**, Defendant and Third-Party Defendant.

No. 69 C 2524.

United States District Court, N. D. Illinois.

April 25, 1973.

Barry Woldman, Karlin, Karlin & Fleisher, Chicago, Ill., for plaintiff.

Joseph V. McGovern, Bradley, Eaton, Jackman & McGovern, Chicago, Ill., for defendant and third-party plaintiff.

Schaffenegger & Watson, Chicago, Ill., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on three motions: defendant North Pier Terminal's motion to dismiss Count II of the amended complaint; defendant The Head Line's motion for summary judgment as against plaintiff Hartzog; and third-party defendant North Pier Terminal's motion for summary judgment as against third-party plaintiff The Head Line.

Plaintiff is an individual who alleges that he was injured aboard the vessel Torr Head while seeking employment as a longshoreman. Defendant and third-party plaintiff The Head Line Co., Inc. (hereinafter referred to as "Head Line") is the owner of the vessel Torr Head. Defendant and third-party defendant North Pier Terminal Co. (hereinafter referred to as "North Pier") is the stevedore contractor engaged in unloading the vessel Torr Head at the time of plaintiff's alleged injury. Plaintiff has brought Count I of his amended complaint against Head Line as owner of the vessel, under diversity jurisdiction. Count II, against North Pier as the company in charge of the vessel at the time of the alleged injury, is brought in admiralty.

## NORTH PIER'S MOTION TO DISMISS

■■ Although this motion is predicated on the expiration of the time allowed under the Illinois statute of limitations for bringing a personal injury action, the Court notes that the doctrine of laches is applicable since this count was brought in admiralty. In order to bar an action on the basis of laches there must be a showing of both inexcusable delay and resulting prejudice to the defendant. Plaintiff's reason for his delay (an investigator's mistake in identifying the ship upon which the injury occurred) is not of itself an excusable delay with respect to an action against the stevedore (as it is in an action against the shipper since plaintiff was unaware of the identity of the vessel until after the expiration of the statutory period). However, no resulting prejudice to North Pier has been demonstrated, especially in light of the fact that North Pier much earlier had been brought into the action on a third-party claim. Furthermore, plaintiff has asserted that matters raised by the third-party pleadings constituted the impetus for joining North Pier as a defendant in the primary action. Thus, the Court concludes that plaintiff has not been guilty of laches and that North Pier's motion to dismiss accordingly should be denied.

## HEAD LINE'S MOTION FOR SUMMARY JUDGMENT

This motion is grounded primarily upon depositions of plaintiff taken both in the instant action and in the prior suit which plaintiff filed erroneously. Head Line submits that the circumstances surrounding plaintiff's injury preclude any recovery from the ship's owner. Plaintiff's depositions regarding those circumstances indicate that he boarded the vessel in response to the stevedore foreman's call for another man to work aboard the ship. By the time plaintiff reached the foreman on the deck, another man had been hired and plaintiff was informed that there was no work for him. Instead of leaving the ship, plaintiff remained near the hold, where cargo was being unloaded, allegedly hoping that eventually he would be hired. Finally, one of the men working in the hold asked him to go for coffee. When the money sent up for the coffee fell back into the hold, plaintiff took it upon himself to retrieve it and, while descending the ladder into the darkened hold, fell to the bottom.

■■ It is settled law that recovery from a ship owner for unseaworthiness is limited to persons performing a service for the ship with the owner's consent or by his arrangement. See Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S. Ct. 872, 90 L.Ed. 1099 (1946), which extended recovery to longshoremen employed to work on a ship with the owner's consent. Clearly, plaintiff was not employed to work on the Torr Head pursuant to Head Line's arrangement with North Pier. Consequently, he is not entitled to recover from Head Line for unseaworthiness without proof of negligence on the part of Head Line.

With respect to plaintiff's ability to recover upon proof of negligence, Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 410, 3 L.Ed.2d 550 (1959) held that

" . . . the owner of a ship in navigable waters owes to all who are on board *for purposes not inimical to his legitimate interests* the duty of exercising reasonable care under the circumstances of each case." (emphasis added)

Other courts have held that, with respect to persons boarding vessels on their own initiative, a ship owner owes only the duty not to wilfully or wantonly injure them and to warn them of any hidden peril once the owner is aware of their presence. See, e. g., Rodermond v. United States, 179 F.2d 955 (3rd Cir. 1950); Johnson v. Mobile Towing & Wrecking Co., 224 F.Supp. 811 (S.D. Ala.1963).

 It appears to this Court that the instant motion raises questions of material fact, which preclude summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Issues which should be resolved at trial include those of (1) whether plaintiff came and remained on board for purposes inimical to Head Line's legitimate interests and (2) if his purposes were not inimical under *Kermac, supra,* whether Head Line exercised reasonable care under the circumstances according to the *Sieracki* standard, *supra.* Therefore, it is appropriate to deny Head Line's motion for summary judgment.

## NORTH PIER'S MOTION FOR SUMMARY JUDGMENT

North Pier seeks summary judgment on Head Line's third-party claim against it on the basis of § 15 of its contract with Head Line, which provides as follows:

"15. *Guests Not Permitted on Dock, on Ship, or in Shed*: Steamship Company agrees to indemnify Contractor against any loss, damage, or injury that may occur as a result of its permitting the presence on the dock and approaches of any persons not directly responsible for the discharging or loading of the ship, and who are not authorized employees of the ship or its agent."

It is uncontroverted that "its" in the phrase "its permitting the presence" refers to Head Line.

The Court agrees with Head Line's assertion that there is no evidence that Head Line acquiesced in plaintiff's presence on board the ship. Rather, the evidence presented by plaintiff's depositions indicates that North Pier's foreman, if anyone, invited plaintiff aboard. Thus, the Court refuses to grant this motion for summary judgment since North Pier is not entitled to judgment as a matter of law, as required by Rule 56, F.R.Civ.P.

Accordingly, it is hereby ordered

(1) that defendant North Pier's motion to dismiss Count II of the amended complaint is denied;

(2) that defendant Head Line's motion for summary judgment as against plaintiff is denied; and

(3) that third-party defendant North Pier's motion for summary judgment as against third-party plaintiff Head Line is denied.