FRANK ASZKLAR *v.* ALEJANDRO RIVERA

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 23

Argued October 14—decided December 19, 1975

*Harold Sobel,* for the appellant (defendant).

*John J. Graham,* for the appellee (plaintiff).

DAVID M. SHEA, J.   The plaintiff parked his car at the foot of a hill on a street in Beardsley Park, Bridgeport.   He had left his unoccupied car and was walking on the grass about twenty-five feet away from his car when he heard a loud noise.   He turned around and saw that an automobile owned by the defendant had collided with the rear of his parked car, causing some damage to it.   The plaintiff had not observed the actual impact.   He spoke to the defendant, who came to the scene shortly after the accident.   The defendant said that his daughter had been operating his vehicle.   At the trial the defendant did not testify or offer any evidence to explain why his automobile struck the parked car of the plaintiff.   From those facts the trial court concluded that the daughter of the defendant had failed to exercise ordinary care in the operation of the vehicle owned by the defendant and entered judgment for the plaintiff to recover his damages.

The complaint alleges several acts of negligence on the part of the defendant but contains no claim

of negligence on the part of his daughter or any allegation even remotely suggestive of agency or the family car doctrine. Nowhere does it mention any operation of the automobile by the daughter. "While our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that allegations of the complaint provide the measure of recovery." *Johnson's Nurseries, Inc.* v. *Ratick,* 32 Conn. Sup. 553, 557, quoting from *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599. Although variance from pleadings to proof is ordinarily waived unless raised at trial, the plaintiff's brief testimony that the defendant told him, shortly after the accident, that the defendant's daughter was operating the car was hardly sufficient to apprise anyone that the family car doctrine would be relied on by the trial court in rendering judgment. *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 326. The first reference to any negligence of the daughter as a basis for recovery appears in the counterfinding filed by the plaintiff. It is clear that the theory of liability relied on by the trial court is at fatal variance with the allegations of the complaint. *Frosch* v. *Sears, Roebuck & Co.,* 124 Conn. 300, 303. Nothing occurred at the trial to provide the defendant with any reasonable notice that judgment might be rendered against him on any ground other than his own negligence as detailed in the complaint.

The conclusion of fatal variance which we have reached would in itself require a new trial. The defendant, however, has also claimed that neither the evidence nor the subordinate facts found by the trial court support the conclusion of negligence on the part of the defendant's daughter. The finding does not indicate in what respect the daughter may have failed to use due care. The evidence discloses only that she was operating the car of the defendant,

according to his admission, and that there °was a collision with the rear of the plaintiff's parked car. Apparently the trial court drew an inference of negligence on her part from the failure of the defendant to offer any evidence on the issue.

"The inference drawn from the failure to testify does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case, although it may turn the scale when the evidence is closely balanced." *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 657. The plaintiff claims in his brief that the fact of the collision with a parked car is sufficient evidence of negligence on the part of the operator to constitute a prima facie case. That contention seems to have been expressly rejected in the very case on which he relies. *Badela* v. *Karpowich,* 152 Conn. 360. There the court stated (p. 362): "It is true that a plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might have been negligent in a manner which would, or might have been, a proximate cause of the collision." In that case, although there was no finding of precisely what the operator did to cause his car to leave the road and strike a tree, the rejection of the operator's testimony that a passenger had grabbed the steering wheel left as the only probable explanation of the accident a lack of proper control on the part of the operator. Similarly, in *Akers* v. *Singer,* 158 Conn. 29, 33, also relied on by the plaintiff, there was sufficient evidence of excessive speed and improper change of lanes to warrant an inference of negligence. In the present case there is no

evidence except the fact of a collision with a parked vehicle, a circumstance insufficient to establish the material facts essential for a prima facie case. *Chasse* v. *Albert,* 147 Conn. 680, 683; *Palmieri* v. *Macero,* 146 Conn. 705, 708.

"An inference from silence can be drawn in such a case, only where there would be a duty to speak, and to hold that the defendant was under such a duty would shift to her the burden of proving an element in the plaintiffs' case." *Seney* v. *Trowbridge,* 127 Conn. 284, 288. Since the plaintiff in this case failed to establish a prima facie case, no unfavorable inference could have been drawn from the failure of the defendant to produce any evidence.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion SPEZIALE and SPONZO, Js., concurred.