PAMELA GLENNIE ET AL. *v.* RICHARD LORD ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 117373

Memorandum filed May 19, 1965

*Bertrand Quinto* and *Cole & Cole,* of Hartford, for the plaintiffs.

*Parskey, Gross & Kline* and *Davis, Lee, Howard & Wright,* of Hartford, for the defendants.

COTTER, J. The jury returned a verdict of $13,330. This court entered the judgment as to liability while assigned to the court side and later tried the issue of damages with a jury when so assigned.

When this issue was heard at short calendar, summary judgment as to liability only was granted in favor of the plaintiffs based upon documents submitted February 11 and March 11, 1965, and upon photographs of the pole which was snapped by defendants' car and moved three feet five inches from its base by the impact. The required proper counter affidavit now offered would indicate that the accident happened other than in the manner described in the motor vehicle report and in a statement made to the police by the defendant operator Richard Lord. These documents and photographs

offered by the plaintiffs were not questioned by the defendants at the hearing. Based upon what was offered to the court, it was clear that the defendant operator, in addition to other negligent conduct, was driving too fast under the circumstances, could not negotiate the curve and failed to have his car under proper control.

The amount of the verdict was not excessive. The plaintiff Pamela Glennie Gibbons, who was fourteen years old at the time, lost four teeth as a result of the accident. She endured considerable pain and suffering and lost some time from school because of her injuries. Her medical specials amounted to $1330, for which a verdict was returned in favor of her father, and she will require some future medical and prosthetic care. Twelve thousand dollars ($12,000) for the loss of four teeth, her pain and suffering and the consequential future care, plus the $1330 in specials, should not be disturbed. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 284. Verdicts for loss or damage to teeth in far greater amounts than the one here have been upheld in other jurisdictions. See 15 Am. Jur., Damages, § 221, p. 632 nn. 10-14; 16 A.L.R.2d 3, 379.

The jury could reasonably reach their conclusion; *Hemmings* v. *Weinstein,* 151 Conn. 502, 504; and it is their function to determine credibility and the effect of the testimony. *Dunn* v. *Finley,* 151 Conn. 618, 621.

The motion is denied.