MARION E. SHANLEY *v.* EDWARD M. SHANLEY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 112413
AT NEW HAVEN

Memorandum filed January 2, 1968

*Edward T. Falsey, Jr.,* and *John C. Flanagan,* of New Haven, for the plaintiff.

*Tyler, Cooper, Grant, Bowerman & Keefe,* of New Haven, for the defendants.

GRILLO, J.  Succinctly stated, the motion of the plaintiff for a summary judgment as to liability is predicated upon the following facts established by police and motor vehicle reports and the affidavit of the plaintiff: The plaintiff, on December 24, 1965, at about 1:45 a.m., was a passenger in a vehicle being operated by the defendant driver, Edward M. Shanley, on Whitney Avenue in the town of Hamden when the vehicle went out of control, swerved to the right off the highway, mounted the curb and struck a pole. No reason was advanced by the driver in explanation of the erratic course the vehicle took, but he informed the plaintiff that he had fallen asleep. The affidavit of the defendant driver, far from controverting these allegations, tends to support them, the affiant asserting that he has no recollection of traveling a distance of two long blocks prior to the accident and that he assumed he had fallen asleep, he informed the plaintiff.

While the rule of law relative to the "sleeping motorist" has been subjected to criticism, a majority of the jurisdictions agree that in automobile accident litigation if, "without any premonitory signs of drowsiness, you were suddenly deprived of consciousness by the sandman or Morpheus, you were not at fault and were not an actor" and thus legally incapable of incurring liability.  Kaufman & Kantrowitz, "The Case of the Sleeping Motorist," 25 N.Y.U.L. Rev. 362. "[B]ecause negligence presupposes a voluntary act, the actor [the sleeping motorist] cannot be negligent for what he does or fails to do while he is unconscious." 2 Harper & James, Torts § 16.7, p. 921.  There must be an appreciation

by the alleged tort-feasor of the fact that he is sleepy. See *Kakluskas* v. *Somers Motor Lines, Inc.,* 134 Conn. 35, 39. To put it differently, the defendant driver must be shown to be a "responsible agent" in directing the course of the car, that he was negligent in exercising control, and that this negligence was a proximate cause of the collision. *Badela* v. *Karpowich,* 152 Conn. 360, 363.

It is elementary that if it appears that upon full inquiry a defense would not be found to exist, a summary judgment is warranted. Practice Book § 303; *Rathkopf* v. *Pearson,* 148 Conn. 260, 264. This principle of law, however, presupposes a clear-cut demonstration by the plaintiff of the existence of facts sufficient to support a recognizable cause of action. If a party does not furnish, via affidavit and other available documentary proof (Practice Book § 299), facts sufficient to support a judgment, it is not incumbent upon an adverse party, in accordance with § 299 of the Practice Book, to file an opposing affidavit disputing the data offered by the plaintiff. The legally invulnerable are not required to refute under the rule providing that the "adverse party . . . shall file *opposing* affidavits [italics supplied]." Practice Book § 299.

The data and affidavit proffered by the plaintiff encompass no proof to support a conclusion that the defendant Shanley as a reasonably prudent man had a warning or an appreciation of impending sleep. The most that one concludes is that the defendant went into a state of unconsciousness and his car went out of control, off the street, and struck a pole. A plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. *Badela* v. *Karpowich,* supra, 362. Summary judgments are allowed when any party "is entitled

to judgment as a matter of law, where it is quite clear where the truth is, that no genuine issue remains for trial." *Sartor* v. *Arkansas Natural Gas Corporation,* 321 U.S. 620, 627. Even if we assume the truth of all facts contained in the documents submitted by the plaintiff, there is no evidential basis for conclusively establishing negligence. *Palmieri* v. *Macero,* 146 Conn. 705, 707.

The plaintiff contends, nevertheless, that the mere fact of going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a prima facie case and sufficient for recovery if no circumstances tending to excuse or justify the defendant's conduct are proven. *Bushnell* v. *Bushnell,* 103 Conn. 583, 592. The words "prima facie," as used in legal phraseology, always imply that the proper party shall have the opportunity of offering proof in rebuttal of the prima facie fact. See 33 Words & Phrases 540 (Perm. Ed.). Prima facie evidence justifies, but does not compel, an inference of liability. See *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, 489; *Ryan* v. *Lilley Co.,* 121 Conn. 26, 30.

In effect, the plaintiff states that since the factual situation supports a prima facie case, i.e., the mere fact of the defendant's going to sleep without the showing of justifiable circumstances, a conclusive finding of negligence is imperative, justifying the granting of her motion. Even if we assume, arguendo, that the defendant's affidavit does not supply the "justifiable circumstances"—he does state that he does not recall dozing or closing his eyes during the trip culminating in the accident—the plaintiff's position is not well founded insofar as these summary proceedings are concerned. For the court to conclude that the defendant was negligent, that determination would be accomplished, not by the mere

acceptance of the fact that the defendant had slept (compare, for example, the situation when there is violated a rule of conduct established by the legislature; *Essam* v. *New York, N.H. & H.R. Co.*, 140 Conn. 319, 324), but by the drawing of an inference of negligence from that fact, thus arrogating to itself the role of a trier of facts. Justice Maltbie, although enunciating the above-cited rule in the *Bushnell* case, supra, 590, admonished that still "the question must be, was the defendant negligent in permitting himself to fall asleep"?

An observation made by a recognized authority in the field of procedure is particularly appropriate here: "There are situations, however, where the motion for summary judgment may be inappropriate. In many cases, there will be . . . doubt as to the inferences which might be drawn from the testimony, *whether controverted or not* [italics supplied]." Stephenson, Conn. Civ. Proc. § 131, p. 218 (Sup. 1966).

The motion is denied.