JOHNSON,
*Respondent,*

*v.*

McADOO,
*Appellant.*

(82 2 340; CA A32631)

701 P2d 788

Jay D. Enloe, Portland, argued the cause for appellant.
With him on the briefs was Lachenmeier & Enloe, Portland.

Lynne D. Nordholt, Portland, argued the cause for
respondent. On the brief were David W. Owens and Owens &
Hattenhauer, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and
Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a personal injury action brought by plaintiff, a passenger in a car, against the driver. The case was tried to a jury, which returned a verdict for defendant, specifically finding that he had not been negligent. Plaintiff was then granted a new trial, because the trial judge concluded that the evidence showed that defendant had been negligent as a matter of law.[1] Defendant appeals. We reverse.

The parties agree about the pertinent facts. Plaintiff, defendant and plaintiff's husband decided one evening to drive from Clackamas to Reno. Defendant had been up since between 7 and 8 a.m. The parties had consumed some beer a few hours before departing for Reno; none was feeling any effects from the beer by the time they started out.

Plaintiff's husband drove the first part of the trip. Defendant took over driving when the parties left Estacada at around midnight. Defendant did not feel sleepy; he seemed fine to plaintiff and was driving carefully. Approximately two hours after defendant began driving, the van in which the parties were riding went off the road and landed on its top. Just before the accident, defendant had been driving cautiously, at about 40 miles per hour, because of frost on the roadway.

Defendant has no certain explanation for the accident. He testified that he "guessed" that he fell asleep, but he

---

[1] The trial court's order specifically recited:

"[It appears] that at the close of all the evidence in said trial Plaintiff's attorney moved for a directed verdict on the issue of Defendant's negligence as a matter of law, that said motion was denied, and that thereafter the jury returned a verdict that [D]efendant was not negligent as alleged in Plaintiff's complaint; and *the court finding that there was insufficient evidence to justify the verdict, said verdict being contrary to law, and finding further that it was an error in law at said trial to deny Plaintiff's motion for a directed verdict as to liability;* now, therefore, [the judgment entered on the jury verdict is set aside and Plaintiff is granted a new trial.]" (Emphasis supplied.)

The court's statement, that "there was insufficient evidence to justify the verdict," we take to be intended as another way of saying that the verdict was contrary to all the credible evidence. (In other words, we do not understand the court to intend, by use of the phrase "insufficient evidence," to imply that defendant had any burden of proving lack of negligence on his part.) So viewing the phrase, it will be seen that all three of the stated grounds for the court's decision resolve into one ground: plaintiff had shown that defendant was negligent as a matter of law.

had no sensation of sleepiness before the accident, and plaintiff testified that defendant did not seem sleepy or tired while he was driving.

The case was tried and went to the jury on three specifications of negligence: (1) failing to maintain proper control; (2) failing to maintain proper lookout; and (3) "driving when [defendant] knew or should have known that he was in a sleepy condition." The jury returned its special verdict finding that defendant had not been negligent. After judgment had been entered, the trial court entered the present order, n 1, *supra.*

The parties' briefs characterize the trial court's order as being, in effect, a ruling that a driver who falls asleep, having no advance warning that he will do so, may nonetheless be found liable for damages for negligence if someone is injured in the ensuing accident. They argue at length as to whether this is the rule of law that should be adopted in Oregon. The question is interesting and is one of first impression. There is a split of authority in other jurisdictions, the majority view being that falling asleep is not, *per se,* negligence. *See, e.g., Shanley v. Shanley,* 27 Conn Supp 417, 241 A2d 543 (Supr 1968). A minority view would hold a driver who falls asleep at the wheel negligent as a matter of law. *See generally, Annot.,* 28 ALR2d 12 (1953). Interesting as the issue is, this case does not require us to resolve it.

The trial court erred by concluding that the evidence required the jury to find that the accident occurred because defendant fell asleep. No direct evidence established that fact. It could be inferred from the evidence, but so could contrary theories that the accident was caused by frost on the road or by some other, unidentified agency. The evidence did not, as a matter of law, establish defendant's falling asleep as the cause. Because it did not, there was no evidentiary basis for the trial court's order. It must be reversed.

Reversed and remanded with instructions to reinstate the judgment for defendant.