[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The only issue in this case is whether defendants are responsible to the plaintiffs for payment of a promissory note in the principal amount of $200,000.00 (as modified) which note was secured by a third mortgage on property known as 24 Sunset Farm Road, West Hartford, Connecticut.
A Stipulation of Facts (Exhibit "E"), a copy of the Mortgage Note (Exhibit "A"), a copy of the Mortgage Deed (Exhibit "B"), a copy of the Mortgage Modification Agreement (Exhibit "C"), and an addition thereto (Exhibit "D") are attached hereto and incorporated herein.
The parties hereto have stipulated to the due execution and delivery of all pertinent documents and to the fact that defendants have made no payments on the loan. These stipulations established a Prima Facie case for the Plaintiffs.
A prima facie case is sufficient for recovery if no circumstances tending to excuse or justify defendants' conduct CT Page 8163 are proven. Shantley v. Shantley, 27 Conn. Sup. 417, 420 (1968). The words "prima facie" as used in legal phraseology, always imply that the proper party shall have the opportunity of offering proof in rebuttal of the prima facie fact. See 33 Words and Phrases 540 (Perm. ed.)
The disputed issues relate to defendants' attempt at rebuttal by virtue of their first and second special defense.
FIRST SPECIAL DEFENSE
Defendants pleaded that "plaintiffs are barred from maintaining this action on this mortgage note in that as a redeeming defendant in a prior foreclosure action, they failed to timely pursue a Deficiency Judgment by way of General Statutes 49-14."
In First Bank v. Simpson, 199 Conn. 368, 376 (1986) it was held that "Mortgage Debt" referred to in General Statutes 49-1 refers only to the Mortgage being foreclosed, and thus [does] not affect the rights of subsequent encumbrancers to pursue their remedies. It was further held "that the failure to resort to the Deficiency Judgment procedure detailed in General Statutes 49-14 makes the bar of49-1 upon a subsequent action on the mortgage debt applicable only to foreclosing plaintiffs. Supra 377.
In view of this holding, the court finds that Defendants have failed to rebut the prima facie case of plaintiffs' on this Special Defense, and the issue is found in favor of plaintiffs.
SECOND SPECIAL DEFENSE
Defendants pleaded that "the Plaintiffs, by redeeming the property securing this mortgage note, appropriated equity in excess of the amount claimed due."
This Special Defense implies that the property redeemed was greater in value than the amount for which plaintiffs sold the property.
Although the uncontroverted evidence indicates that the subject property was sold shortly after the redemption, prior thereto, however, plaintiffs discussed the sale with three realty companies and negotiated with four prospective purchasers before selling to the ultimate purchaser for $787,000.00.
Defendants testified that in their opinion the property CT Page 8164 in question had a value of $950,000.00 — $1,000,000.00. No expert appraiser testified as to the market value of the property.
"The present true and actual value of all other property shall be deemed . . . to be the fair market value thereof and not its value at a forced or auction sale." Connecticut General Statutes 12-63.
"A generally accepted definition of market value is the price that would in all probability — the probability being based upon the evidence in the case — result from fair negotiations where the seller is willing to sell and the buyer desires to buy." O'Brien v. Board of Tax Review, 169 Conn. 129,138 (1975).
Plaintiffs testified that the real estate market was falling rapidly and that the carrying costs for the upkeep of the property were so prohibitive that it was essential that the property be sold to the highest bidder as soon after the redemption as possible.
The court finds that plaintiffs took reasonable steps to market the property and that the eventual purchase price determined the market value. The court further finds that plaintiffs did not appropriate equity in excess of the amount claimed due.
As to the Second Special Defense, defendants have failed to rebut the prima facie case presented in the stipulation of facts, and the Court finds the issue in favor of the Plaintiffs.
Judgment may enter for the plaintiff's in the sum of $186,749.06 plus interest from August 8, 1991, at $34.98 per diem plus costs. The detailed calculations for the Judgment are set forth in Exhibit "F" attached hereto.
STATE TRIAL REFEREE HARLD M. MISSAL