[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has admitted in his deposition that he fell asleep while driving. The plaintiff asserts that a driver falling asleep at the wheel of a vehicle is negligent as a matter of law; citing to Bushnell v. Bushnell, 103 Conn. 583 (1925); and Glenniev. Lord, 26 Conn. Sup. 69 (1965). Therefore, the plaintiff argues, because the defendant admitted falling asleep while operating his vehicle, that no genuine issue of material fact remains as to whether the defendant is liable for the plaintiff's injuries. The defendant argues that because his admission of falling asleep at the wheel gives rise only to an inference of negligence, and because he denied believing or expecting to fall asleep, the court must submit the issue of liability to a trier of fact.
Our Supreme Court has held that falling asleep at the wheel of a motor vehicle was "a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuseor justify [the defendant's] conduct are proven. . . . If suchcircumstances are claimed to have been proven, then it becomes aquestion of fact. . . ." (Citations omitted; emphasis added.)Bushnell v. Bushnell, supra, 592. In Bushnell, the court upheld the trial court's submission of the issue of the liability to the jury. In a second case cited, summary judgment for the plaintiffs was granted because there was no question that the defendant was speeding, and therefore, falling asleep at the wheel was not an issue. Glennie v. Lord, supra, 69, CT Page 14566
Since Bushnell, Connecticut courts have consistently held that a person is only negligent in falling asleep at the wheel if that person had some warning or appreciation of impending sleep, i.e., it must have been foreseeable. See Smith v. Czescel,12 Conn. App. 558, 565-67, 533 A.2d 223, cert. denied, 206 Conn. 803,535 A.2d 1316 (1987) (question of awareness of impending sleep is a question of fact under which all the relevant circumstances are to be considered, including the fact that ordinarily sleep does not come upon one without warning of its approach); Shanley v.Shanley, 27 Conn. Sup. 417, 418-20 (1968) (denying motion for summary judgment as the court could not conclude, as a matter of law, that falling asleep at the wheel is negligent absent a defendant's admission that he was aware of the impending sleep);Kakluskas v. Somers Motor Lines, Inc., 134 Conn. 35, 39-40 (1947) (upholding conclusion in bench trial, that a driver, who fell asleep at the wheel of his truck, was guilty of reckless and wanton misconduct because the court could reasonably have inferred from the facts that the defendant appreciated his drowsy condition prior to the onset of sleep).
This court finds that a genuine issue of material fact remains as to whether the defendant knew, had reason to know of or appreciate his impending sleep. Consequently, since the court cannot find negligence as a matter of law, the existent factual question must be submitted to the jury. The motion for summary judgment is, accordingly, denied.
Moraghan, J.